## VAN SICKEL v PACKARD AKRON MOTOR CO

Ohio Appeals, 9th Dist, Summit Co

No 2731. Decided Dec 16, 1936

Motz & Morris, Akron, for plaintiff in error.

Benner, McGowan & Lombardi, Akron, for defendant in error.

### OPINION

By STEVENS, J.

This action was inaugurated in the Municipal Court of Akron, Ohio, where the case was submitted to a judge without the intervention of a jury. A finding and judgment in favor of plaintiff was made, and error was prosecuted to the Court of Common Pleas, which court reversed the judgment of the Municipal Court and remanded the cause for a new trial, for the reason that certain evidence pertaining to agency was erroneously admitted, the admission of which was prejudicial to the defendant. Error is prosecuted to this court to secure a reversal of the judgment of the Common Pleas Court.

The sole question presented is as to the admissibility of evidence offered by plaintiff, in which evidence the driver of plaintiff's car related a conversation had with the driver of defendant's car shortly after the collision of said two cars. There was no question as to the negligence of the driver of defendant's car; the only question being whether said driver was at said time and place acting as the agent of the defendant company and within the scope of his employment and authority.

The conversation, admission of which the Court of Common Pleas found to be erroneous, had to do with the mission upon which Gallagher, the driver of defendant's car, was engaged at the time of the collision, and was admitted by the Municipal Court as bearing upon the question of whether said driver at said time was acting within the scope of his employment, and was admitted after the existence of the agency had been established by other evidence. That testimony was as follows:

"Mr. Gallagher told me that he had been on a service call, he was returning from that call, stopped to have a sandwich, when this car came out of a side street, crowded him over, he either had to take a chance of hitting my parked car or the other one and he took mine."

It is our opinion that the Court of Common Pleas clearly erred in its ruling.

"* * * However, in connection with other evidence tending to establish the relation of agency, the declarations of the agent concerning the fact of the agency may be considered; for; if the agency has been otherwise established, such declarations are admissible to show that the person assumed to act as agent, and not in his own capacity. After the agency is proved, what the agent says in executing the agency is admissible against the principal as part of the res gestae."

1 O. J., "Agency," §13, p. 639.

Also:

"* * * Thus where the agency has been established by independent evidence, the declarations of the agent are competent to show that he acted as agent and not on his individual account * * *."

2 C. J., "Agency," §695, p. 940; and see also 3 C.J.S., "Agency," §327, p. 292.

The question of the admissibility of such evidence, and the order of its introduction, is exhaustively considered in the case of the Great Atlantic & Pacific Tea Co. v Grover C. Lowe, No. 1393, Summit county, decided by this court on May 18, 1928, and that case seems to us to be decisive of the question under consideration.

The judgment of the Court of Common Pleas will be reversed, and that of the Municipal Court affirmed.

FUNK, PJ, and WASHBURN, J, concur.